USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/10
C | T | S | W
COHEN TAUBER SPIEVACK & WAGNER P.C.
In light of the parties' lack of consensus, a conference to discuss settlement negotiation would not be fruitful. I will revisit the issue after decision on the pending motions to dismiss.
August 13, 2010

Jay B. Spievack

direct: 212-381-8735
e-mail: jspievack@ctswlaw.com

August 10, 2010

RECEIVED
AUG 11 2010
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

**VIA EMAIL**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007-1312

Re: *In re September 11 Property Damage and Business Loss Litigation*, 21MC101(AKH)/*Cedar & Washington Associates, LLC v. The Port Authority of New York and New Jersey, et al.*, 08 CIV 9146 (AKH)

Dear Judge Hellerstein:

We represent non-settling plaintiff Cedar & Washington Associates, LLC ("C&W") in the above-referenced action, and write in response to American Airlines, Inc. and AMR Corporation's (collectively, "American") August 9th letter sent on behalf of all of the CERCLA defendants, which responded to our August 5th letter. American's arguments grossly mischaracterize the bases for C&W's request, and should be rejected for the following reasons:

First, American ignores the current procedural posture of 21 MC 101. C&W's request for coordination and a damages mediation/settlement process to protect the various parties' ATSSSA rights has nothing whatsoever to do with its response to the Joint Motion for Approval of the settlement agreement between the Aviation Defendants and the Settling Plaintiffs. Rather, C&W's request is predicated on the current procedural posture of all claims and issues after this Court issued its Approval Orders with respect to the Joint Motion (*see* August 5th letters at pp. 1-2). The current posture of both potentially settled (that are the subject of WTCP's appeal) and non-settled ATSSSA claims justifies C&W's request for coordination and a damages mediation/settlement process for all the remaining claims.

Second, the post-Approval Orders procedural posture is very different from the procedural posture either before the Approval Orders or at the time the Court issued its order in the CERCLA case on December 22, 2009 (*see* American's August 9th letter at Exhibit C). Unlike the status of the 21 MC 101 claims at the time of the Court's December 22nd Order, all but three claims are settled today with a potentially significant ATSSSA distribution to the settling plaintiffs. More importantly, it is our understanding that the WTCP and the aviation defendants are planning to conduct another mediation in mid-September 2010 in a further attempt to settle WTCP's allegedly multi-billion dollar claim. C&W respectfully submits that the universe of available ATSSSA funds is very different today than it was prior to the Approval

Orders, and that the availability and fair distribution of such remaining funds outweighs the current procedural posture of every individual case, including C&W's cases.

Finally, given the changed procedural posture of the individual cases within 21 MC 101, and given the universe of remaining ATSSSA funds, C&W's request is not premature. In fact, C&W believes that only an on-going mediation/settlement process can facilitate the effort to fully and finally resolve all claims and issues still pending in 21 MC 101. For instance, in addition to the reasons stated in our August 5th letter, while C&W is confident that this Court will deny the pending 12(c) motions, C&W respectfully submits that there is nothing premature about simultaneously proceeding with this Court's established damages and mediation/settlement process at this stage regardless of the outcome of the 12 (c) motions. The Court retains jurisdiction of all 21 MC 101 cases throughout the appellate process and, as the WTCP's recent actions before this Court and the Second Circuit demonstrate, coordination and a simultaneous mediation/settlement track is the best way to facilitate a quicker final resolution of all the individual cases and remaining issues that are consolidated within 21 MC 101 during the pendency of this consolidated action and the lengthy and potentially multiple appeals.[1]

Therefore, C&W respectfully renews its request for a conference to explore with counsel and Your Honor how best to efficiently and effectively coordinate the claims in 21 MC 101, and an order establishing a settlement/mediation process similar to the process the Court put in place for 21 MC 101, 21 MC 102 and 21 MC 103. At a minimum, given the current procedural posture of 21 MC 101, C&W respectfully submits that a proposed conference to explore these matters should be held in conjunction with any hearing to consider WTCP's objections to the ATSSSA settlement distributions to eight of the settling plaintiffs before the resolution of WTCP's first appeal with respect to the Approval Orders.

Respectfully submitted,

J. B. Spievack

Jay B. Spievack

[1] While this Court is aware that C&W voluntarily produced its damages analysis and damage documents to the CERCLA defendants this year, the CERCLA defendants have not engaged in a process to establish C&W's legally recoverable damages due to, among other things, the Court's December 22nd Order. Certainly, the Court should now permit expedited discovery on C&W's damages claims because the current procedural posture of all the 21 MC 101 claims and issues make it equally important to establish -- like the Court did for WTCP -- C&W's potential ATSSSA recovery rights.

cc: All counsel via email

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
dbarry@condonlaw.com
*Aviation Defendants' Liaison Counsel*

John F. Stoviak, Esq.
Saul Ewing LLP
jstoviak@saul.com
*Counsel for the Cantor Fitzgerald Plaintiffs*

Robert A. Clifford, Esq.
Clifford Law Offices, PC
rac@cliffordlaw.com
*Property Damage and Business Loss Plaintiffs' Liaison Counsel*

Sarah S. Normand, Esq.
Assistant U.S. Attorney
sarah.normand@usdoj.gov

Donald A. Migliori, Esq. (redacted version)
Motley Rice LLC
dmigliori@motleyrice.com
*Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel*

Richard A. Williamson, Esq.
M. Bradford Stein, Esq.
Flemming Zulack Williamson Zauderer LLP
rwilliamson@fzwz.com
bstein@fzwz.com
*Counsel for the WTCP Plaintiffs and 7 World Trade Company, L.P.*

Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman LLP
kpringle@fklaw.com
*WTC 7 Ground Defendants' Liaison Counsel*

Jeffrey J. Ellis, Esq.
Quirk and Bakalor, P.C.
jellis@quirkbakalor.com
*Attorneys for Defendants United Air Lines, Inc. and UAL Corporation*

Chris Walsh, Esq.
Gibbons P.C.
cwalsh@gibbonslaw.com
*Attorneys for Defendants Host Hotels & Resorts, Inc. and HMH WTC LLC (improperly sued as HMH WTC, Inc.)*

Beth D. Jacob, Esq.
Schiff Hardin LLP
bjacob@schiffhardin.com
*Attorneys for Defendant The Port Authority of New York and New Jersey*

Peter Winik, Esq.
Peter Rosen, Esq.
Latham & Watkins LLP
peter.winik@lw.com
peter.rosen@lw.com
*Attorneys for Defendants Westfield WTC LLC and Westfield Corporation, Inc.*

Charles F. Rysavy, Esq.
K&L Gates LLP
Charles.rysavy@klgates.com
*Attorneys for Defendant Consolidated Edison Company of New York, Inc.*