UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

IN RE SEPTEMBER 11 LITIGATION : 21 MC 101 (AKH)

CEDAR & WASHINGTON ASSOCIATES, LLC,

                Plaintiff,

     -against-  :  **SUMMARY ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, SILVERSTEIN PROPERTIES, INC., WORLD : 08 Civ. 9146 (AKH)
TRADE CENTER PROPERTIES LLC, SILVERSTEIN
WTC MGMT. CO. LLC, 1 WORLD TRADE CENTER
LLC, 2 WORLD TRADE CENTER LLC, 3 WORLD
TRADE CENTER LLC, 4 WORLD TRADE CENTER
LLC, 7 WORLD TRADE COMPANY, L.P., HMH
WTC, INC., HOST HOTELS AND RESORTS, INC.,
WESTFIELD WTC LLC, WESTFIELD
CORPORATION INC., CONSOLIDATED EDISON
COMPANY OF NEW YORK, AMR CORPORATION,
AMERICAN AIRLINES, INC., UAL CORPORATION,
and UNITED AIRLINES, INC.,

                Defendants.

------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Cedar & Washington Associates, LLC brings this action under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"). Plaintiff seeks to recover costs incurred to remove from its building at 130 Cedar Street the dust and debris generated by the collapse of certain buildings at the World Trade Center complex as a result of the terrorist attacks of September 11, 2001. Defendants moved to dismiss the complaint. On September 20, 2010, I heard oral argument on the motion.

1

For the reasons stated on the record, Defendants' motion to dismiss is granted. CERCLA claims must be brought "within six years after initiation of on-site construction of the remedial action." 42 U.S.C. § 9613(g)(2)(B). Physical on-site construction consistent with the permanent remedy at 130 Cedar occurred as early as October 2001, and continued through June 2002. Schaefer v. Town of Victor, 457 F.3d 188, 203-04 (2d Cir. 2006). Plaintiff filed its complaint in October 2008. Accordingly, the CERCLA claims are time-barred.

Alternatively, I hold that Plaintiff has failed to allege facts sufficient to establish a "release" as defined by CERCLA. See 42 U.S.C. § 9601(22); Goodrich Corp. v. Town of Middlesbury, 311 F.3d 154, 168 (2d Cir. 2002) (outlining the elements of a prima facie CERCLA claim). The dust cloud generated by the collapse of various structures resulted from the terrorist-related aircraft crashes into Towers One and Two of the World Trade Center, the compromise of the integrity of those towers by the crashes into the upper stories, and the ignition of the aviation fuel injected into the tower by the disintegrated aircraft. The pulverized building materials of the structures that formed the dust cloud and its composition cannot properly be considered a "spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping, or disposing" of the inert structure of an occupied skyscraper into the environment by the defendants, or any of them. § 9601(22).

Alternatively, I hold also that Plaintiff has failed to allege facts sufficient to establish liability under § 9601(a)(2). Plaintiff cannot show that there was a "disposal" of hazardous material at any of the World Trade Center buildings at issue. See 42 U.S.C. § 6903(3). Plaintiff has made no showing that the materials contained within the buildings before the buildings collapsed can properly be considered "solid waste or hazardous waste" within the meaning of § 6903(3).

2

Since Plaintiff's claims under CERCLA are denied, the claims for indemnification and contribution are denied as academic.

The Clerk shall mark the motion (Doc. Nos. 64, 67, 68) terminated and the case closed.

SO ORDERED.

Dated:   September 21, 2010
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3